UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREE DEFENDER, LLC,

       Plaintiff,

v.                        Case No. 8:24-cv-2520-VMC-NHA

MIKE HURST CITRUS SERVICE, INC.,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Mike Hurst Citrus Service, Inc.'s Motion to Dismiss Counts Three and Four of the First Amended Complaint (Doc. # 37), filed on March 28, 2025. Plaintiff Tree Defender, LLC, responded on April 18, 2025. (Doc. # 38). For the reasons that follow, the Motion is denied.

**I.   Background**

Plaintiff Tree Defender, LLC, designs, manufactures, markets, and sells protective, breathable Tree Defender Screens ("IPCs"). (Doc. # 32 at 3). The IPCs were developed in response to a disease commonly referred to as citrus greening disease, which can devastate citrus crops. (Id.). The IPCs cover trees during their first two years to keep pests and disease out, enabling the trees to start producing

1

fruit and crops. (Id. at 4). Tree Defender possesses two patents in relation to its IPC: U.S. Patent Nos. 11,730,092 and 12,058,965. (Id. at 7-8). The patents were issued on August 22, 2023, and August 13, 2024, respectively. (Id.).

Tree Defender alleges that "[y]ears ago" it offered Mr. Mike Hurst the opportunity to distribute its product, which Mr. Hurst rejected. (Id. at 9-10). Subsequently, Philip Rucks agreed to distribute Tree Defender's IPCs. (Id. at 10). But Mr. Rucks also partnered with Mr. Hurst to begin selling a competing IPC. (Id.). To the present, Mr. Hurst operates Defendant Mike Hurst Citrus Service, Inc. (hereinafter referred to as "Mike Hurst"). (Id. at 10).

Mike Hurst also produces IPCs. (Id. at 6). Tree Defender claims that Mike Hurst is a direct competitor and has sold its IPCs across multiple states. (Id. at 6-7). Per Tree Defender, the IPCs sold by Mike Hurst infringe upon the IPCs sold by Tree Defender. (Id. at 10).

Tree Defender alleges that Mike Hurst also "made false and misleading statements regarding Tree Defender's products." (Id.). It claims that these statements were made at the Citrus Expo trade show to potential customers. (Id. at 10-11). Furthermore, Tree Defender asserts that Mike Hurst "showed samples and/or photographs purportedly of Tree

2

Defender's IPCs that were ripped or torn and made statements suggesting the damage was the result of inferior quality and durability." (Id.).

Tree Defender initiated this lawsuit on October 29, 2024. (Doc. # 1). It filed an amended complaint on March 7, 2025, which is the operative complaint. (Doc. # 32). The operative complaint contains four counts: Willful Infringement of the Asserted Patents (Count One); Induced Infringement of the Asserted Patents (Count Two); False Advertising Under the Lanham Act (Count Three); and Florida Common Law Unfair Competition (Count Four). (Id.). On March 28, 2025, Mike Hurst filed an answer and affirmative defenses to Counts One and Two. (Doc. # 36).

Mike Hurst moves to dismiss Counts Three and Four. (Doc. # 37). Tree Defender responded (Doc. # 38), and the Motion is ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the

complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. <u>La Grasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).

## III. **Analysis**

Mike Hurst moves to dismiss Counts Three and Four. (Doc. # 37). The Court analyzes its arguments for each Count in turn.

### A. **Count Three**

Mike Hurst argues that Tree Defender fails to state a claim for false advertising under the Lanham Act. (<u>Id.</u> at 4-8). The Court disagrees.

4

"To succeed on a false advertising claim under . . . the Lanham Act, a plaintiff must establish that (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been — or is likely to be — injured as a result of the false advertising." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004). Mike Hurst claims that Tree Defender has failed to sufficiently plead the first and fifth elements. (Doc. # 37 at 4-8).

Taking the allegations in the light most favorable to Tree Defender, Tree Defender has sufficiently pled the first element – that "the advertisements of the opposing party were false or misleading." Hickson, 357 F.3d at 1260. To satisfy this element, Tree Defender must show that "the statements at issue were either (1) commercial claims that are literally false as a factual matter, or (2) claims that may be literally true or ambiguous but which implicitly convey a false impression, are misleading in context, or are likely to

deceive consumers." Hi-Tech Pharms., Inc. v. HBS Int'l Corp., 910 F.3d 1186, 1196 (11th Cir. 2018).

Contrary to Mike Hurst's claim that Tree Defender's pleading solely consisted of "naked assertions" (Doc. # 37 at 7), Tree Defender alleges that Mike Hurst "showed samples and/or photographs purportedly of Tree Defender's IPCs that were ripped or torn and made statements suggesting the damage was the result of inferior quality and durability." (Doc. # 32 at 9-10). Tree Defender also added that these "false and misleading statements had the capacity to deceive and were intended to deceive consumers to believe that Tree Defender's products were inferior in quality and durability to those of [Mike Hurst]." (Id. at 11). Therefore, Tree Defender's allegation extended beyond "a formulaic recitation of the elements of a cause of action," instead laying out the factual basis for the first element. Twombly, 550 U.S. at 555; see also Taslidzic v. Luther, No. 9:18-cv-80038-RLR-BER, 2018 WL 3134419, at *5 (S.D. Fla. May 21, 2018) (finding it sufficient to survive a motion to dismiss that "[t]he Complaint repeatedly claims that these statements are false and constitute material misrepresentations"); BPI Sports, LLC v. ThermoLife Int'l LLC, No. 0:19-cv-60505-RS, 2020 WL 10180910, at *6 (S.D. Fla. Jan. 9, 2020) ("The Court's role at this

stage is to test the sufficiency of the complaint, not weigh evidence. The Court therefore declines Defendants' invitation to proceed as such and accepts [Plaintiff]'s allegations as true with respect to . . . the falsity of the advertisement." (internal citations and quotations omitted)).

The Court is unpersuaded by Mike Hurst's citations to other decisions in this District. Mike Hurst misplaces reliance upon this Court's holding in Minsurg International, Inc. v. Frontier Devices, Inc., No. 8:10-cv-1589-VMC-EAJ, 2011 WL 1326863, at *4 (M.D. Fla. Apr. 6, 2011), that the Lanham Act plaintiff needed to "provide even the most minimal of facts to show how the alleged statements are, in fact, false." Id. In that case, the plaintiff merely alleged that statements were false without explaining why. See Minsurg, No. 8:10-cv-1589-VMC-EAJ, at Doc. # 1 at 37 (M.D. Fla. July 19, 2010). In contrast, Tree Defender explains that the images shown by Mike Hurst were false or misleading because they were "ripped or torn and made statements suggesting the damage was the result of inferior quality and durability." (Doc. # 32 at 9-10). The Court also finds Ameritox, Ltd. v. Millennium Laboratories, Inc., 8:11-cv-775-SCB-TBM, 2012 WL 33155, at *3 (M.D. Fla. Jan. 6, 2012), inapplicable. There, the court found that the plaintiff's Lanham Act claim contained only a "naked

assertion" because the plaintiff directly recited an element without providing any additional facts. Id. But as already explained, Tree Defender has gone beyond a mere recitation of the elements.

The Court also finds that Tree Defender has sufficiently pled the fifth element – that it "has been — or is likely to be — injured as a result of the false advertising." Hickson, 357 F.3d at 1260. The factual basis for Tree Defender's allegation is clear – it claims that Mike Hurst deployed these false and misleading statements to "have a material effect on purchasing decisions" made by potential customers at the Citrus Expo. (Doc. # 32 at 10-11). At this stage, the Court interprets Tree Defender as alleging that it likely lost potential sales because of Mike Hurst's actions. See Stephens, 901 F.2d at 1573 (directing courts to credit plaintiffs with "reasonable inferences" when analyzing a motion to dismiss for failure to state a claim). Thus, Tree Defender has sufficiently alleged that it was "injured as a result of the false advertising," satisfying the fifth element for its Lanham Act claim. Hickson, 357 F.3d at 1260; see also Ameritox, 2012 WL 33155, at *3 ("A false advertising claim under the Lanham Act must allege that the deception is

material, meaning it is likely to influence purchasing decisions." (internal quotations omitted)).

While Mike Hurst does not explicitly argue that Tree Defender has failed to allege facts fulfilling the second, third, and fourth elements, the Court finds that Tree Defender has sufficiently pled these elements. See Hickson, 357 F.3d at 1260 ("(2) [T]he advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; [and] (4) the misrepresented product or service affects interstate commerce."). Tree Defender satisfies the second element by alleging that Mike Hurst's "false and misleading statements had the capacity to deceive and were intended to deceive consumers to believe that Tree Defender's products were inferior in quality and durability to those of [Mike Hurst]." (Doc. # 32 at 11). It satisfies the third element by alleging that "[s]uch false and misleading statements, made at a trade show to consumers, have a material effect on purchasing decisions." (Id.). Finally, Tree Defender satisfies the fourth element by alleging that Mike Hurst's "false statements were at least made at the Citrus Expo, where there are customers from Florida and elsewhere, and therefore impact both intrastate and interstate commerce." (Id.).

9

Accordingly, Tree Defender has sufficiently stated a claim for false advertising under the Lanham Act. The Court denies Mike Hurst's Motion as to Count Three.

**B. Count Four**

Mike Hurst also argues that Count Four, a claim for unfair competition under Florida common law, should be dismissed for failure to state a claim. (Doc. # at 8-9). However, "[t]he success of [Plaintiff's] state unfair competition [claim] . . . is tied to the federal Lanham Act claims for infringement and false advertising." Sovereign Mil. Hospitaller Ord. of Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Ord. of Saint John of Jerusalem, Knights of Malta, Ecumenical Ord., 702 F.3d 1279, 1296 (11th Cir. 2012); see also Taslidzic, 2018 WL 3134419, at *6 ("Given that the Court has found that Plaintiffs have adequately alleged a cause of action for false advertising under the Lanham Act, it also finds that Plaintiffs' claim for unfair competition is similarly sufficient to withstand dismissal at this stage."). Therefore, because Tree Defender has properly stated a Lanham Act claim for false advertising, Tree Defender has also properly stated a claim for unfair competition under Florida common law. The Motion is denied as to Count Four.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    Defendant Mike Hurst Citrus Service, Inc.'s Motion to Dismiss Counts Three and Four of the First Amended Complaint (Doc. # 37) is **DENIED.**

(2)    Defendant is directed to file an answer to Counts Three and Four within 14 days of the entry of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of May, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE